UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MCARTHUR L. AARON,

        Petitioner,

v.                             Case No. 03-CV-74744-DT

CARMEN PALMER,

        Respondent.
                                      /

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Pending before the court is Petitioner's "Motion for a Certificate of Appealability" and "Motion to Proceed *In Forma Pauperis*." For the reasons set forth below, Petitioner's motion for a certificate of appealability will be denied. Petitioner's motion to proceed *in forma pauperis* will be granted.

**I. BACKGROUND**

On November 25, 2003, Petitioner McArthur L. Aaron filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Paul J. Komives who issued a report and recommendation denying Petitioner's habeas corpus petition on April 19, 2005. Petitioner subsequently filed objections to the magistrate judge's report and recommendation on June 7, 2005. This court rejected Petitioner's objections, adopted the magistrate judge's report and recommendation, and denied Petitioner's petition for a writ of habeas corpus on July 28, 2005. Now pending

before the court are: (1) Petitioner's motion for certificate of appealability and (2) Petitioner's motion to proceed *in forma pauperis* on appeal.  In his motion for certificate of appealability, Petitioner requests a certificate of appealability with respect to only two of his original eight claims: his first claim (right of confrontation) and his seventh claim (ineffective assistance of counsel).

## II.  CERTIFICATE OF APPEALABILITY

### A.  Standard

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1).  This court, having rendered the challenged judgment in the case at bar, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right."  To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*

### B.  Right of Confrontation Claim

Petitioner first argues that this court should grant him a certificate of appealability on his right of confrontation claim.  In his § 2254 petition, Petitioner argued that he was

2

denied his Sixth Amendment right to confront a prosecution witness, Nathaniel Burns, when the trial court limited Petitioner counsel's cross-examination regarding the subject of the witness' sentencing deal with the prosecution in exchange for testifying against Petitioner.

This court rejected Petitioner's argument that the trial court's decision to limit Petitioner's cross examination did not compromise the Sixth Amendment.  (*See* 7/28/05 Order at 9.)  As stated by the Michigan Court of Appeals:

> [T]he jury was informed that in return for [witness] Burn's testimony, the prosecution had dropped the first-degree murder and assault with intent to commit murder charges and that those were "life offenses;" that Burns considered the plea agreement a "very good deal" and that it was his motivation for testifying; and that pursuant to the agreement, the prosecution had promised to recommend leniency in sentencing on the assault with intent to rob charge.  Although the trial court's precluding defendant from establishing that Burns avoided a mandatory life sentence for first-degree murder was an abuse of degree. . . .defendant was not precluded entirely from exploring Burns' bias and motivation derived from the plea bargain, and the difference between the jury's being informed that the sentence for first-degree murder is mandatory life imprisonment, as opposed to the offense being a "life offense," does not account for the jury's verdict of guilty.

*People v. Aaron*, No. 210010, 2000 WL 33418993, *6 (Mich. Ct. App. June 2, 2000).

In his current motion, Petitioner cites various Sixth Circuit and United States Supreme Court cases to contend that he should not be prohibited from showing the potential bias nature of the prosecution witness in testifying against him. (Pl.'s Mot. Br. at 5.)  *See Delaware v. Van Arsdall*, 475 U.S. 673, 678-679 (1986); *Davis v. Alaska*, 415 U.S. 308, 316-317 (1974).  Petitioner, however, fails to acknowledge that the evidence of the witness's potential bias against him has already been presented to the jury throughout the trial.  Although the Sixth Amendment provides the right of confrontation

to Petitioner, the United States Supreme Court has explained that the Confrontation Clause in the Constitution does not "guarantee cross-examination that is effective in whatever way and to whatever extent the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 18 (1985). "So long as cross examination elicits adequate information to allow a jury to assess a witness's credibility, motives, or possible bias, the Sixth Amendment is not compromised by a limitation on cross-examination." *United States v. Cueto*, 151 F.3d 620, 638 (7th Cir. 1998).

The court finds that Petitioner has not made a substantial showing of the denial of his Sixth Amendment constitutional right. Reasonable jurists would not be convinced of Petitioner's claim that he was denied the right to confront the prosecution witness Nathaniel Burns in violation of the Sixth Amendment, and the court will therefore deny Petitioner's motion for a certificate of appealability on this issue.

### C. Ineffective Assistance of Counsel Claim

Petitioner next requests a certificate of appealability with respect to his ineffective assistance of counsel claim[1]. Specifically, in his petition for habeas corpus, Petitioner argued that his trial counsel failed to file a "Motion of Illegal Arrest" to have the photograph taken during the his illegal arrest suppressed. (Pl.'s Mot. Br. at 6.) Petitioner argues that his trial counsel's omission to file a motion to suppress was highly prejudicial and constituted ineffective assistance of counsel.

---

[1] In his original petition for habeas corpus, Petitioner argued that he received ineffective assistance of counsel for several reasons. In his current motion, however, Petitioner seeks a certificate of appealability only as to the claim that his counsel should have filed a motion to suppress. (*See* Mot. Br. at 6-7.)

The right to have assistance of counsel is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution. As stated in the court's June 28, 2005 order, to establish a claim for ineffective assistance of counsel, Petitioner must demonstrate, (1) "that counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). (*See* 7/28/05 Order at 12.) A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; *see Beasley v. United States*, 491 F.2d 687, 696 (6th Cir. 1974) (holding that the assistance of counsel required under the Sixth Amendment is counsel "reasonably likely to render and rendering reasonably effective assistance"). It is also importance to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

In this case, the court found Petitioner had not met the *Strickland* test for establishing ineffective assistance of counsel. First, as the court noted in its July 28, 2005 order, Petitioner's arrest was never proven to be illegal, and thus his counsel's failure to file a motion to suppress cannot be deemed deficient.

Moreover, even if the photograph taken during Petitioner's arrest was suppressed, Petitioner would still be identified by the surviving victims' in-court identification. (R&R at 29; 7/28/05 Order at 13.) This in-court identification would yield the same result as the photograph taken at Petitioner's arrest. The United States Supreme Court has held that in-court identification is not suppressible as the "fruit of an illegal tree" if the in-court identification rests on the witness's independent recollection. *United States v. Crews*, 445 U.S. 463, 472-473 (1980). The surviving victims' in-court

identification of Petitioner in this case would be proper within the Supreme Court case law rule. Thus, the court found that Petitioner could not satisfy the prejudice prong of the *Strickland* analysis because there was "no indication that the surviving victims' identification at trial was tainted by the alleged police misconduct." (7/28/05 Order at 13.)

Therefore, Petitioner has not made a substantial showing that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The court finds that reasonable jurists would not debate the court's denial of Petitioner's claim of ineffective assistance of counsel, and his motion for a certificate of appealability will thus be denied.

### III.  IN FORMA PAUPERIS

Also pending before the court is Petitioner's motion to proceed *in forma pauperis* on appeal. Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Here, Petitioner asserts that he is indigent and that his appeal is taken in good faith. Petitioner also submits the requisite affidavits to support his request for an *in forma pauperis* proceeding. Thus, the court is satisfied that Petitioner's *in forma pauperis* proceeding request is warranted, and his appeal is taken in good faith.

Although the court finds that Petitioner's motion for a certificate of appealability should be denied, this is a separate issue that does not affect Petitioner's request for an *in forma pauperis* proceeding. *See United States v. Cahill-Masching*, 2002 WL 15701, *3 (N.D. Ill. Jan. 4, 2002) ("[T]he standard governing the issuance of a certificate

of appealability is more demanding than the standard for determining whether an appeal is in good faith."). Accordingly, the court will grant Petitioner's request to proceed without prepayment of fees or costs.

## IV. CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 53] is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Proceed In Forma Pauperis on Appeal" [Dkt. # 52] is GRANTED.

                                                  S/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: October 17, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.


                                                  S/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522